# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY CHOLEWKA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OHIO CASUALTY INSURANCE CO t/a or d/b/a/ PEERLESS INDEMNITY CO. t/a or d/b/a LIBERTY MUTUAL INSURANCE CO.,<br><br>　　Defendant. | CIVIL ACTION NO. 3:16-CV-2210<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is an Amended Complaint (Doc. 4) and a Response to the Court's Order to Show Cause for why this action should not be dismissed for failure to prosecute (Doc. 6) filed by Plaintiff Ashley Cholewka. For the reasons stated below, the Court will dismiss Plaintiff's Amended Complaint without prejudice for failing to establish subject matter jurisdiction, and will grant Plaintiff leave to file a second amended complaint as well as a discretionary extension of time to effect service.

## I. Relevant Background

Plaintiff filed her original Complaint on November 2, 2016. (Doc. 1.) This Court issued a summons on November 4, 2016. (Doc. 2.) Plaintiff subsequently filed the instant Amended Complaint on April 13, 2017. (Doc. 4.) On April 19, 2017, as no return of service had been filed, the Court issued an Order to Show Cause for why this action should not be dismissed for failure to prosecute. (Doc. 5.) On April 24, 2017, Plaintiff filed a Response to the Court's Show Cause Order. (Doc. 6.) Plaintiff asserts that she attempted service by mail on

November 13, 2016 at the address for Peerless Indemnity Insurance Company ("Peerless Indemnity") listed on Plaintiff's insurance policy. (*Id.* ¶ 2.) Similarly, Plaintiff asserts that she attempted service by mail on November 14, 2016 at the address for Ohio Casualty Insurance Company ("Ohio Casualty") listed on Plaintiff's insurance policy. (*Id.* ¶ 3.) On or about March 1, 2017, Plaintiff asserts her transmittals were returned to her by the United States Postal Service, which noted "unable to forward," "not deliverable as addressed," and "return to sender." (*Id.* ¶ 4.) Shortly thereafter, Plaintiff states she received a fax from Liberty Mutual Insurance Company indicating its new address. (*Id.* ¶ 5.) Plaintiff filed the instant Amended Complaint on April 13, 2017 and avers that she again attempted service by mail on April 14, 2017. (*Id.* ¶¶ 7-8.) To date, there has been no return of service filed with the Court.

## II. Analysis

### A.     Rule 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure sets forth the following time frame for a plaintiff to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 90-day period provided by Rule 4(m)[1] is not restarted by the filing of an amended complaint, except as to newly added defendants. *McLaud v. Indus. Res., Inc.*, No. 3:CV-14-737, 2015 WL 737569, at *2-*3 (M.D. Pa. Feb. 20, 2015).

---

[1]     The 2015 Amendment to Rule 4(m) reduced the presumptive time for serving a defendant from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) Advisory Committee's Notes (2015 amendment).

2

Nevertheless, if a plaintiff shows "good cause" for failing to timely effect service, the court "must" provide an appropriate extension of time. *See id.* at *3. As this Court has previously explained:

> "Good cause" within the meaning of Rule 4(m) has been equated with the concept of "excusable neglect" under Rule 6(b)(2), and requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules. In considering whether good cause exists, courts have considered such factors as (1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. Indeed, the primary focus of the good cause inquiry is on the plaintiff's reasons for not complying with the time limit in the first place.

*Id.* (internal citations and quotation marks omitted). Here, Plaintiff's counsel argues that she has made diligent efforts to serve "but has experienced difficulty due to Defendant's corporate merger and subsequent changes of address. Defendant's address on its policy issued to Plaintiff is no longer correct." (Doc. 6 ¶ 9.) Counsel's efforts to effect service consisted of mailing the Complaint and service waiver in mid-November to the addresses listed on Plaintiff's policy for Ohio Casualty and Peerless Indemnity and, apparently, never following up on that correspondence until those envelopes were returned as not deliverable on or around March 1, 2017. (*Id.* ¶ 4.) However, the 90-day window in which to effect service prescribed by Rule 4(m) had elapsed well prior to March 1, 2017. Counsel does not explain why he was unaware of this fact. Counsel's apparent mistake does not constitute "good cause," as neither ignorance of the Rules nor inadvertence constitutes "good cause" requiring an extension. *See McLaud*, 2015 WL 737569, at *4 (quoting *Sykes v. Blockbuster Video*, 205 Fed. Appx. 961, 963

3

(3d Cir. 2006)); *see also Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). Furthermore, counsel never moved for an enlargement of time to serve within the 90-day window. *Beckerman v. Susquehanna Twp. Police & Admin.*, 254 Fed. Appx. 149, 154 (3d Cir. 2007) (finding no good cause for extension based in part on failure of Plaintiff to move for extension of time before the expiration of the service period). Accordingly, the Court finds Plaintiff has not demonstrated "good cause" requiring an extension.

If Plaintiff fails to show "good cause," a discretionary extension of time might still be appropriate. *See McLaud*, 2015 WL 737569, at *4 (citing *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997)). In assessing whether a discretionary extension is warranted, courts consider:

> [A]ctual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint.

*Id.* (quoting *Chiang v. U.S. Small Bus. Admin.*, 331 Fed. Appx. 113, 116 (3d Cir. 2009)). Here, the Court will exercise its discretion to allow an extension. Notably, considering that time for service is not excessively tardy, Defendant's ability to defend this action has not been seriously impaired. *See Torres v. Beard*, No. 11-CV-863, 2012 WL 4326866, at *1, *4 (M.D. Pa. Sept. 20, 2012) (permitting discretionary extension and finding plaintiff's service approximately eight months after complaint was filed not prejudicial to defendants). Additionally, "the Third Circuit's preference for deciding cases on their merits rather than on procedural

technicalities" is another factor favoring the grant of an extension. *Id.* at *3. Accordingly, the Court will grant Plaintiff a brief extension to effect service, as detailed in the accompanying Order, and provide the Court with sufficient proof of proper service or waiver thereof.

**B.     Subject Matter Jurisdiction**

In addition to not timely effecting service, Plaintiff also fails to adequately allege subject matter jurisdiction in her Amended Complaint.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE N., Inc.*, 284 F.3d 500, 502 (3d Cir. 2002) (citing *Club Comanche, Inc. v. Gov't of the V.I.*, 278 F.3d 250, 255 (3d Cir. 2002)). Plaintiff's Amended Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 3.) Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for diversity jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd.*

*of Trs. of Ohio State Univ.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

### 1. Citizenship of Plaintiff Cholewka

The Amended Complaint fails to adequately allege the citizenship of Plaintiff Cholewka. For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state in which she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

The Amended Complaint alleges that Cholewka "at all times relevant hereto resided at 2114 Hemlock Farm, Hawley, Pike County, Pennsylvania," but that her "present residence" is in the state of New York. This is not sufficient. First, "residence" is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted). To properly plead diversity, Plaintiff must allege her state of citizenship, not merely her state of residence. As the Amended Complaint does not contain this fact, the Court cannot determine whether

6

subject matter jurisdiction exists. Second, diversity of citizenship must exist "at the time the complaint was filed." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Thus, Plaintiff must clearly allege her state of citizenship "as of the time the complaint *was filed*" in order to properly plead diversity jurisdiction. *Grand Un. Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (emphasis added).

For these reasons, the Amended Complaint fails to adequately plead Plaintiff's state of citizenship.

**2. Citizenship of Defendant Ohio Casualty t/a and/or d/b/a Peerless Indemnity t/a and/or d/b/a Liberty Mutual Insurance Company**

Plaintiff also fails to adequately plead the citizenship of Defendant Ohio Casualty t/a and/or d/b/a Peerless Indemnity t/a and/or d/b/a Liberty Mutual Insurance Company. (Am. Compl. ¶ 2.) To properly plead diverse citizenship, Plaintiff must allege both a corporation's state of incorporation and its principal place of business. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 282 (3d Cir. 2014). Plaintiff has failed to allege Defendant's principal place of business. A corporation may have only one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has its principal place of business. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006). A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Here, although the Amended Complaint alleges Defendant's state of incorporation, it does not state its principal place of business. (Doc. 4, ¶ 2.) To the extent Plaintiff has

7

alleged Defendant's P.O. Box and where it is licensed to issue insurance policies, this is insufficient. Because the Amended Complaint does not state Defendant's principal place of business, the Court cannot determine whether it has jurisdiction over this action.

### III. Conclusion

Because the Court cannot determine whether subject matter jurisdiction exists, this action is subject to dismissal under Federal Rule of Civil Procedure 12(h)(3). However, Plaintiff will be given an opportunity to file a second amended complaint to show that diversity jurisdiction exists. Plaintiff will be granted fourteen (14) days in which to file a second amended complaint. Failure to do so will result in this action being dismissed. Additionally, although Plaintiff has not timely effected service pursuant to Rule 4(m), the Court will exercise its discretion to grant a thirty (30) day extension to effect service from the date on which Plaintiff files her second amended complaint, if she chooses to do so.

An appropriate order follows.


April 27, 2017                                         /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                         United States District Judge